**IT IS ORDERED as set forth below:**

**Date: May 23, 2024**



_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 23-61376-lrc |
| PONTOON BREWING COMPANY, LLC, | ) | |
| | ) | CHAPTER 11 |
| Debtor | ) | |
| _____ | ) | (Subchapter V) |

**ORDER CONFIRMING CHAPTER 11 PLAN**

On February 14, 2024, Pontoon Brewing Company, LLC ("Debtor") filed its *Chapter 11 Plan of Reorganization Submitted by Pontoon Brewing Company, LLC, Debtor and Debtor in Possession* (the "Initial Plan")(Doc. No. 92). On February 20, 204, the Court entered its *Order and Notice of Assignment of Hearing on Confirmation of Plan* (the "Solicitation Order")(Doc. No. 98), setting the hearing on confirmation for April 17, 2024 (the "Confirmation Hearing") and setting April 10, 2024, as the last day for voting on the Plan and filing objections to the Plan. Debtor certified that it served each creditor and interested party with a copy of the Plan, the Solicitation Order, and a Ballot on February 21, 2024 (Doc. No. 106).

On April 8, 2024, United Community Bank ("UCB") filed its *Objection to Confirmation of Debtor's Plan of Reorganization* (the "UCB Objection")(Doc. No. 120). On April 8, 2024, Debtor filed its *First Amended and Restated Chapter 11 Plan of Reorganization Submitted by Pontoon Brewing Company, LLC, Debtor and Debtor in Possession* (the "Amended Plan")(Doc. No. 121). On April 10, 2024, Community Brewing Ventures, LLC ("CBV") filed its *Community Brewing Ventures, LLC's Objection to Debtor's First Amended and Restated Plan* (the "CBV Objection").

On April 15, 2024, Debtor filed its *Report of Balloting* and *Certificate of Voting* (Doc. No. 137). The Confirmation Hearing came to be heard on April 17, 2024. Present were (i) G. Frank Nason, IV, counsel for Debtor, (ii) Sean O'Keefe, manager of Debtor, (iii) John Thompson, counsel for UCB, (iv) Raphael Baker, representative of UCB, (iv) Delia C. Thrasher, counsel for Ameris Bank ("Ameris"), (v) Vivieon Kelly Jones for the United States of America, by and through its agency the United States Small Business Administration (the "SBA"), (vi) the Subchapter V Trustee (as defined in the Amended Plan), (vi) Jonathan S. Adams for the United States Trustee, (viii) Daniel T. Seelos, counsel for the Sandy Springs Landlord (as defined in the Amended Plan), (ix) Benjamin R. Keck, counsel for the Tucker Landlord (as defined in the Amended Plan), and (x) Benjamin R. Keck and John C. Woodman, counsel for CBV.

The Subchapter V Trustee, the United States Trustee, Ameris, the Sandy Springs Landlord, and the Tucker Landlord announced at the Confirmation Hearing their support for confirmation of the Amended Plan.

At the Confirmation Hearing, the parties accepted the proffer of Debtor's counsel as to the majority of the requirements of 11 U.S.C. § 1129(a) and 11 U.S.C. § 1190. At the Confirmation Hearing, the Court heard testimony from Sean O'Keefe and Raphael Baker. Following the Confirmation Hearing, the Court concluded that the interest rate proposed under the Amended Plan for treatment of UCB's Class 1B Claim did not meet the standards of *Till v. SCS Credit Corp.,* 541 U.S. 465, 124 S. Ct. 1951, 158 L. Ed. 2d 787 (2004).

On April 22, 2024, Debtor filed its *Second Amended and Restated Chapter 11 Plan of Reorganization Submitted by Pontoon Brewing Company, LLC, Debtor and Debtor in Possession* (the "Plan")(Doc. No. 151). On May 8, 2024, Debtor filed its *Declaration Pursuant to 28 U.S.C. § 1746 of Sean O'Keefe* (the "Declaration")(Doc. No. 164) and its *Debtor's Submission of Proposed Findings of Fact and Conclusions of Law* (Doc. No. 165).

On May 22, 2024, the Court announced its ruling on the Plan, the UCB Objection, and the CBV Objection (the "Oral Ruling"). For the reasons stated at the Oral Ruling, the Court finds that the treatment of UCB under the Plan is fair and equitable and that the Plan provides a reasonable prospect of success. Accordingly, the UCB Objection is overruled. For the reasons stated at the Oral Ruling, and subject to the modification to the Plan set forth below, the CBV Objection is overruled.

The Plan is modified as provided herein: Article 5.4 of the Plan is amended to insert the following language after the final sentence – "In the event that an objection to a Claim is pending so that the Claim is a Disputed Claim, Debtor shall not make any Distributions on account of such Claim until the Claim is an Allowed Claim, but shall segregate and hold in trust the Distribution payable on account of such Claim. Once a Disputed Claim becomes an Allowed Claim, Debtor shall pay on account of such Allowed Claim all Distributions to which such Allowed Claim would have been entitled had the Claim been an Allowed Claim when such Distributions were payable."

Based on the (i) record, (ii) the testimony, representations, arguments, and proffer at the Confirmation Hearing, (iii) the Declaration, (iv) the Ballot Report, (v) the Plan modification

herein, and (vi) the reasons stated at the Oral Ruling, the Court makes the following findings of fact and conclusions of law:

(a) The Plan, as modified herein, complies with 11 U.S.C. § 1129(a)(1).

(b) Debtor has complied with the applicable provisions of Title 11 as required by 11 U.S.C. § 1129(a)(2).

(c) The Plan, as modified herein, complies with 11 U.S.C. § 1129(a)(3).

(d) The Plan, as modified herein, complies with 11 U.S.C. § 1129(a)(4).

(e) The Plan, as modified herein, complies with 11 U.S.C. § 1129(a)(5).

(f) The provisions of 11 U.S.C. § 1129(a)(6) are inapplicable to this case.

(g) The provisions of 11 U.S.C. § 1129(a)(7) have been met.

(h) The provisions of 11 U.S.C. § 1129(a)(9) have been met.

(i) The provisions of 11 U.S.C. § 1129(a)(10) have been met.

(j) The provisions of 11 U.S.C. § 1129(a)(11) have been met.

(k) The provisions of 11 U.S.C. § 1129(a)(12) have been met.

(l) The provisions of 11 U.S.C. §§ 1129(a)(13), (14), (15), and (16) are inapplicable to this case.

(m) The Plan, as modified herein, complies with 11 U.S.C. § 1190(b).

(n) The Plan, as modified herein, complies with 11 U.S.C. § 1191(c)(1) and 11 U.S.C. § 1129(b)(2)(A).

(o) The Plan, as modified herein, complies with 11 U.S.C. § 1191(c)(2).

Based upon the foregoing findings of fact and conclusions of law, it is hereby

ORDERED that the Plan, as modified herein, is hereby confirmed in accordance with 11 U.S.C. § 1191(b) as of the date of entry of this order, and all provisions of the Plan shall bind Debtor and all creditors; and it is further

ORDERED that as of the date of entry of this order, all property of the estate shall vest in Debtor and shall be dealt with free and clear of all liens, claims, and interests, except as provided in the Plan; and it is further

ORDERED that as soon as practical after substantial consummation, Debtor shall file a report of substantial consummation; and it is further

ORDERED that upon completion of Plan payments, Debtor shall be entitled to a discharge to the extent provided in 11 U.S.C. § 1192 and 11 U.S.C. § 1141(d)(1)(A).

[END OF DOCUMENT]

**Prepared and presented by:**

LAMBERTH, CIFELLI,
 ELLIS & NASON, P.A.
*Counsel for Debtor*

By: */s/ G. Frank Nason, IV*
       G. Frank Nason, IV
       Georgia Bar No. 535160
6000 Lake Forrest Drive
Suite 435
Atlanta, GA 30328
(404) 262-7373
Fax (404) 262-9911
fnason@lcenlaw.com

**Identification of parties to be served:**

G. Frank Nason, IV, Lamberth, Cifelli, Ellis & Nason, P.A., 6000 Lake Forrest Drive, Suite 435, Atlanta, GA 30328

Jonathan S. Adams, Office of the United States Trustee, 362 Richard Russell Building, 75 Ted Turner Drive, SW, Atlanta, GA 30303

Tamara Miles Ogier, P.O. Box 1547, Decatur, GA 30031

Delia C. Thrasher, Starfield & Smith, P.C., 1175 Peachtree Street, NE, Suite `750, Atlanta, GA 30361

John Thomson, Adams & Reese LLP, 3424 Peachtree Road, NE, Suite 1600, Atlanta, GA 30326

Benjamin R. Keck, Keck Legal, LLC, 2566 Shallowford Road, Suite 104-252, Atlanta, GA 30345

John C. Woodman, Essex Richards, 1701 South Blvd., Charlotte, NC 28203